UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

UNITED STATES OF AMERICA
v.
DANIELLE DEFOSSE-STROUT

Crim No. 2:19cR90 JDL

## AGREEMENT TO PLEAD GUILTY
### (WITH STIPULATIONS AND APPEAL WAIVER)

The United States of America, by and through Halsey B. Frank, United States Attorney for the District of Maine, and Daniel J. Perry, Assistant United States Attorney, and Danielle Defosse-Strout (hereinafter "Defendant"), acting for herself and through her counsel, Stacey Neumann, Esquire, enter into the following Agreement based upon the promises and understandings set forth below:

1. Guilty Plea.   Defendant agrees to plead guilty to the Information pursuant to Rule 11 of the Federal Rules of Criminal Procedure (Fed. R. Crim. P.).   The Information charges the Defendant with conspiring to defraud a health care program in violation of 18 U.S.C. 1349.

2. Sentencing/Penalties.

Defendant agrees to be sentenced on the charge described above.   Defendant understands that the penalties that are applicable to the charge described above are as follows:

A. A term of imprisonment of not more than 10 years;

B. A maximum fine of two hundred fifty thousand ($250,000) Dollars;

C. A term of supervised release of not more than 3 years.   Defendant understands that the Defendant's failure to comply with any of the conditions of supervised

1

release may result in revocation of supervised release, requiring the Defendant to serve up to 2 additional years in prison for any such revocation of supervised release pursuant to 18 U.S.C. §3583.

In addition, defendant understands that a mandatory special assessment of $100.00 applies for the count of conviction which Defendant agrees to pay at or before the time that she enters a guilty plea.

In addition to the other penalties provided by law, the Court may also order Defendant to pay restitution to the victim or victims of the offense, pursuant to 18 U.S.C. § 3663 or § 3663A.

3. Agreements Regarding Sentencing:

### Non-Binding Recommendation

The parties agree to make the following non - binding recommendation as to sentencing:

The parties agree to recommend that the Court find that the Defendant has accepted responsibility for the offenses of conviction, and that the Court should reduce the Defendant's Adjusted Offense Level by three levels under U.S.S.G. § 3E1.1. The government reserves the right not to recommend a reduction under USSG § 3E1.1 if, at any time between her execution of this Agreement and sentencing, the defendant (a) fails to admit a complete factual basis for the plea, (b) fails to truthfully admit her conduct in the offense of conviction, (c) engages in conduct which results in an adjustment under U.S.S.G. § 3C 1.1; or (d) falsely denies or frivolously contests relevant conduct for which the defendant is accountable under USSG § 1B1.3. Defendant understands that she may not withdraw the guilty plea if, for any of the reasons listed above, the government does not recommend that she receive a reduction in Offense Level for acceptance of responsibility;

2

The parties expressly agree and understand that should the Court reject this non-binding recommendation of the parties, the Defendant will not be permitted to withdraw her plea of guilty.

4. <u>Appeal Waivers.</u> Defendant is aware that Title 18, United States Code, Section 3742 affords a defendant the right to appeal the sentence imposed. Knowing that, Defendant waives the right to appeal the following:

A. Defendant's guilty plea and any other aspect of Defendant's conviction in the above-captioned case; and

B. A sentence that ~~exceeds~~ does not exceed 18 months. [handwritten annotations: DBJ, sdn, DPS]

The Defendant's waiver of her right to appeal shall not apply to appeals based on a right that has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review.

5. <u>Consequences of Breach.</u> If Defendant violates or fails to perform any obligations under this agreement ("a breach"), the United States will be released from its obligations hereunder and may fully prosecute the Defendant on all criminal charges that can be brought against the Defendant. With respect to such a prosecution:

a. The United States may use any statement that the Defendant made pursuant to this agreement, including statements made during plea discussions and plea colloquies, and the fact that the Defendant pleaded guilty, and Defendant hereby waives any claim under Rule 410 of the Federal Rules of Evidence or Rule 11(f) of the Federal Rules of Criminal Procedure that such statements and guilty plea are inadmissible.

3

b.   Defendant waives any and all defenses based on the statute of limitations with respect to any such prosecution that is not time-barred on the date that this agreement is signed by the parties.

If the United States chooses to exercise its rights under this paragraph, the determination of whether the Defendant has committed a breach shall be made by the Court upon an appropriate motion. In a proceeding on such motion, the United States shall have the burden to establish the Defendant's breach by a preponderance of the evidence.

6.   Speedy Trial Waiver.   Defendant agrees to waive, and hereby does waive, any and all rights he might have under the Speedy Trial Act, 18 U.S.C. §§ 3161-64, from the date of the execution of this Agreement and continuing thereafter through and including the date upon which sentence is imposed.   In the event that the Court determines that Defendant has breached this Agreement, as set forth in Paragraph 5 of this Agreement, then the waiver described in this Paragraph shall continue through and including the date on which the Court determines that such a breach has occurred. The Defendant expressly consents to the entry of an Order by the Court excluding such periods of time from such consideration.

7.   Forfeiture.   Defendant agrees to waive any claim to, and assist the United States in effecting the forfeiture or other transfer of, any property that may be subject to forfeiture to the United States under any law of the United States.

8.   Validity of Other Agreements; Signature.   This Agreement supersedes any prior understandings, promises, or conditions between this Office and Defendant.   No additional understandings, promises, or conditions will be entered into unless in writing and signed by all

4

parties. The signature of Defendant in the space designated signifies his full and voluntary acceptance of this Agreement.

I have read this Agreement and have carefully reviewed every part of it. I understand it and I have voluntarily agreed to it.

Date: 10/16/2018

Danielle Defosse-Strout, Defendant

I am legal counsel for Danielle Defosse-Strout. I have carefully reviewed every part of this Agreement consisting of 5 pages with her. To my knowledge, her decision to enter into this Agreement is an informed and voluntary one.

Date: 10/16/2018

Stacey Neumann, Esquire
Attorney for Defendant

FOR THE UNITED STATES:

Halsey B. Frank
United States Attorney

Date: 10/16/18

Assistant U.S. Attorney

Approved:

Supervisory Assistant U.S. Attorney

5