U.S. DISTRICT COURT
DISTRICT OF MAINE
PORTLAND
RECEIVED & FILED

2019 JUN -3 P 1: 14

_____
DEPUTY CLERK

# UNITED STATES DISTRICT COURT
# DISTRICT OF MAINE

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) Crim. No. | |
| ) | |
| DANIELLE DEFOSSE-STROUT ) | |

## COOPERATION AGREEMENT
### (Filed Under Seal)

The United States of America, by and through Halsey B. Frank, United States Attorney for the District of Maine, and Daniel J. Perry, Assistant United States Attorney, and Danielle Defosse-Strout (hereinafter "Defendant"), acting for herself and through her counsel, Stacey Neumann, Esquire, enter into this Cooperation Agreement based upon the promises and understandings set forth herein. This Agreement supplements the Agreement to Plead Guilty dated _10/16/19_. The terms of the Agreement to Plead Guilty remain intact and are incorporated herein by reference.

1.  Cooperation. Defendant agrees to meet with attorneys and agents of the Government, and with such other government officials as the Attorney for the Government may direct (hereinafter "the Government") as needed, to tell fully, honestly, truthfully and completely all that she knows or has heard about violations of federal and state laws, including but not limited to her involvement and the involvement of others in violations of law as set forth in the charging instrument herein and to answer all related questions in the same manner. She agrees to provide the Government or aid the Government in acquiring all documents, photographs, bills, records, receipts, data, digital media, or internet files, and all like materials (including such materials maintained on electronic devices) and all like materials to which he has access, which

1

will corroborate this information. Defendant further agrees to testify fully, honestly, truthfully and completely at any and all grand juries, trials or other official proceedings in which her[his/her] testimony is requested, in the District of Maine, or any other place. Defendant agrees to meet with Government agents or attorneys in preparation for any such testimony before the grand jury, at trial or at any other official proceeding. Defendant agrees that she will not oppose any request by the Government to postpone the sentencing hearing in this case.

    2.    <u>Letter Immunity</u>. Information which the Defendant provides pursuant to this Agreement shall be deemed to have been acquired pursuant to the use and derivative use immunity provisions of 18 U.S.C. § 6001 et. seq. . The U.S. Attorney agrees not to use any such information, or information provided pursuant to the proffer agreement executed on June 25, 2018, or any information directly or indirectly derived therefrom against Defendant in any criminal case, except in a prosecution for: (1) perjury or obstruction of justice, or for making a false statement after the date of this Agreement; (2) a criminal act of international terrorism (as that term is defined in 18 U.S.C. § 2331(1)); or (3) an act of physical violence (as that term is defined in 18 U.S.C. § 16), or conspiracy to commit any such act of violence. The parties understand, however, that the Government will provide to the Court the information which Defendant provides pursuant to this Agreement. All such disclosures by the Government, however, shall be made subject to the provisions constraining the use of this information by the District Court and U.S. Probation Office contained in U.S.S.G. § 1B1.8(a) and the commentary thereto. Notwithstanding the provisions of U.S.S.G. § 1B1.8(b)(5) and the commentary thereto, the U.S. Attorney agrees to take the position that at the time of sentencing, information provided by Defendant pursuant to this Agreement should not be used either in determining where within the applicable guideline range to sentence Defendant or in determining whether, or to what

extent, a departure or a variant sentence is warranted. The parties further understand that the Government may use statements made by the defendant, and information derived from such statements, to rebut any evidence affirmatively offered by or on the Defendant's behalf in any proceeding in this case.

3. <u>Consequences of Breach</u>. If Defendant violates or fails to perform any obligations under this Agreement or under the plea agreement ("a breach"), the United States will be released from its obligations hereunder and may fully prosecute Defendant on all criminal charges that can be brought against Defendant. With respect to such a prosecution:

    A. The United States may use any statement that Defendant made pursuant to this Agreement, including statements made during proffers, debriefings, grand jury sessions, plea discussions and plea colloquies, and the fact that Defendant pleaded guilty, and Defendant hereby waives any claim under Rule 410 of the Federal Rules of Evidence or Rule 11(f) of the Federal Rules of Criminal Procedure that such statements and guilty plea are inadmissible. The United States may further make derivative use of statements made pursuant to this Agreement and Defendant hereby waives any right to claim that evidence presented in such a prosecution is tainted by virtue of the statements Defendant has made pursuant to this Agreement.

    B. Defendant waives any and all defenses based on the statute of limitations with respect to any such prosecution that is not time-barred on the date that this Agreement is signed by the parties.

The determination of whether Defendant has committed a breach of this Agreement by failing to cooperate as required by Paragraph 1 above shall be made solely by the United States Attorney for the District of Maine, but a determination adverse to Defendant shall have a material and articulable basis.

4. <u>Defendant's Perjury, False Statement, Other Misconduct- Prosecution Available</u>. Nothing in this Agreement will prevent the United States from instituting prosecution of Defendant for perjury, false statement or false declaration if Defendant commits such acts in

connection with this Agreement. Additionally, Defendant understands that the United States will not tolerate any future violations of state or federal laws by him/her, and should any become known to have been committed after the effective date of this Agreement, the United States may, in its sole discretion, be released from any or all of its commitments under this Agreement, and may declare this Agreement null and void. Nothing in this Agreement will preclude prosecution of Defendant by appropriate authorities for criminal acts which Defendant may commit after the effective date of this Agreement.

5. Financial Statement. The parties agree and understand that, as part of the presentence investigation in this case, the United States Probation Office will require that the Defendant submit a true and complete financial statement (with supporting documentation) prior to the completion of a presentence report. Defendant agrees to cause a copy of such financial statement (with supporting documentation) to be provided to the United States Attorney's Office at the same time as it is provided to the Probation Office. The failure by Defendant to provide financial information as required by this paragraph shall constitute a breach of this agreement.

6. Disclosure of Cooperation Upon Defendant's Request. At the request of Defendant, the United States Attorney's Office will make known the cooperation provided by Defendant to any individual or entity to whom Defendant wishes such information disseminated, so long as such disclosure would not compromise law enforcement activity.

7. Departure Not Required. Nothing in this Agreement shall be interpreted to require the United States to move the Court pursuant to United States Sentencing Commission Sentencing Guideline Section 5K1.1 or 18 U.S.C. § 3553(e) for a downward departure.

8. No Other Promises. Defendant acknowledges that no other promises, agreements, or conditions will be entered into unless set forth in writing and signed by all the parties.

I have read this Agreement and have carefully reviewed every part of it. I understand it and I have voluntarily agreed to it.

Date: 6/3/19

_____
DANIELLE DEFOSSE-STROUT, Defendant

I am legal counsel for Danielle Defosse-Strout. I have carefully reviewed every part of this Agreement with Danielle Defosse-Strout. To my knowledge, Danielle Defosse-Strout's decision to enter into this Agreement is an informed and voluntary one.

Date: 6/3/2019

_____
Stacey Neumann, Esquire
Attorney for Defendant

FOR THE UNITED STATES:    HALSEY B. FRANK
                          UNITED STATES ATTORNEY

Date: 6-2-19

_____
Daniel J. Perry
Assistant U.S. Attorney

                Approved:  _____
                          Supervisory Assistant U.S. Attorney

Revised 5/8/18